# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2021

Lyle W. Cayce
Clerk

No. 20-61079
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Adrian Douglas Wilson,

*Defendant—Appellant*,

consolidated with

No. 20-61081

United States of America,

*Plaintiff—Appellee*,

*versus*

Adrian Wilson,

*Defendant—Appellant*.

No. 20-61079
c/w No. 20-61081

---

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 2:07-CR-23-1
USDC No. 3:06-CR-119-1

---

Before BARKSDALE, ENGELHARDT, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Adrian Douglas Wilson pleaded guilty in 2007 to: causing a financial institution to fail to meet reporting requirements, in violation of 31 U.S.C. § 5324(a)(1); and structuring transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324(a)(3). In a separate proceeding in 2008, Wilson pleaded guilty to conspiracy to possess, with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1). Regarding both convictions, he was sentenced to a total of 300-months' imprisonment and five years' supervised release. Following his release to supervision, Wilson was charged with: domestic violence; malicious mischief; and sexual battery. At a combined revocation hearing, the district court revoked Wilson's supervised release and sentenced him to, *inter alia*, 37-months' imprisonment. In these consolidated appeals, Wilson challenges the court's revoking his supervised release.

Revocation of supervised release is reviewed for abuse of discretion. *E.g.*, *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995). "A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a condition of release has been violated." *Id.* In reviewing a challenge to the sufficiency of evidence, as in this instance,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-61079
c/w No. 20-61081

we view the evidence, and all reasonable inferences therefrom, in the light most favorable to the Government. *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994). We also afford great deference to a district court's credibility determinations, *see United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010), and will not disturb them unless they are "incredible as a matter of law" because the witness testified to facts he "physically could not have observed or events that could not have occurred under the laws of nature". *Alaniz-Alaniz*, 38 F.3d at 791 (citation omitted).

Wilson maintains the Government's evidence was insufficient to prove the three violations. At the revocation hearing, the same victim (Wilson's adult daughter) testified regarding all three charges—domestic violence, malicious mischief, and sexual battery—and the court found the victim credible. In response, Wilson references the municipal court's dismissal of the domestic violence and malicious mischief charges, offers conflicting witness testimony denying his ability to commit the violations, and claims inconsistencies in the victim's testimony. The focus of Wilson's appeal is that the district court's credibility determination was erroneous.

Wilson has not shown the victim's statements were "incredible as a matter of law". We therefore defer to the court's finding the victim credible. Accordingly, the incriminating evidence includes her credible first-hand account of the violations, along with other corroborating and circumstantial evidence. Viewed in the requisite light most favorable to the Government, a reasonable trier of fact could have found by a preponderance of the evidence that Wilson committed the violations. The district court did not abuse its discretion in revoking Wilson's supervised release. *See id.* at 791–92; *McCormick*, 54 F.3d at 219.

AFFIRMED.